UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JACQUES CHELDER, *et al.*,

                        Plaintiffs,            **ORDER**

          -against-                **25-CV-4313 (RA) (JW)**

GENERAL CONFERENCE
CORPORATION, *et al.*,

                        Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Plaintiffs filed a motion for reconsideration regarding the Court's denial without prejudice of Plaintiffs' motion for a protective order. See Dkt. No. 146. Because Plaintiff fails to meet the standard for a motion to reconsider, Plaintiff's motion for reconsideration is **DENIED**.

## BACKGROUND

Plaintiffs filed their class action complaint on May 29, 2025. Dkt. No. 1. On August 5, Plaintiffs filed a motion for protective order "governing the production, handling, and use of sensitive information that may be obtained from the Receiver appointed in" a separate action, Commodity Futures Trading Commission v. Eddy Alexandre, No. 1:22-cv-03822-VEC (S.D.N.Y.). Dkt. No. 118.

On August 14, 2025, Defendants, General Conference Corporation of Seventh-day Adventists, North American Division Corporation of Seventh-day Adventists, and Theodore Norman Clair Wilson (collectively, "Corporate Defendants") filed a motion to dismiss. Dkt. No. 129–130.

On September 8, 2025, the Court scheduled an initial case management conference and issued an order that the Court would hear the parties on the pending motion for protective order. Dkt. Nos. 135–136.

On September 29, 2025, Plaintiffs and Corporate Defendants filed a joint letter requesting a 60-day stay of discovery. As of that date, Corporate Defendant's motion to dismiss was not fully briefed and most Defendants in the case had not yet been served. In preparing the parties' joint proposed case management plan, Plaintiffs' and Corporate Defendants' counsel conferred about discovery and "agree[d]" that, pursuant to Federal Rule of Civil Procedure 26(c), a brief sixty-day stay on discovery and submission of Rule 26 initial disclosures is warranted as it would avoid undue burden and expense, and serve the interests of judicial economy, while the parties await the Court's ruling on the Corporate Defendants' Motion to Dismiss." Dkt. No. 143. The next day, the Court granted the parties' request and stated that "[i]n light of the stay, the Court finds Plaintiffs' motion for a protective order at Dkt. No. 128 premature and therefore DENIES the motion without prejudice." Dkt. No. 144.

On October 1, 2025, Plaintiffs filed a motion for reconsideration of the Court's September 30, 2025 order. Dkt. No. 145. Plaintiffs filed an amended motion a day later to correct a captioning error in their prior filing. Dkt. No. 146. Plaintiffs filed a reply in support of their motion on October 8, 2025. Dkt. No. 149. In their briefing, Plaintiffs argue that the Court's September 29th order "appears to have rested on the parties' joint request for a short, 60-day stay of discovery as to the parties." Dkt. No. 146. Plaintiffs also contend that the 60-day stay "never extended to third-party

discovery coordination with the CFTC Receiver or to deferring the already-briefed protective-order framework the Court had scheduled to be heard on October 6." Id. They therefore assert they are prejudiced because under the 60-day stay, Plaintiffs cannot renew their motion until late November 2025, which would delay "time-sensitive coordination with the Receiver and Receivership Court." Id. Plaintiffs assert that pushing back these coordination efforts would push third-party evidence "dangerously close to—if not beyond—critical case deadlines, undermining Plaintiffs' ability to use that evidence effectively." Dkt. No. 149.

On October 6, 2025, Corporate Defendants filed a response in opposition to Plaintiffs' motion for reconsideration. Defendants contend, among other reasons, that the Courts' order denying Plaintiffs' motion for protective order was without prejudice and therefore would not result in a "manifest injustice" since Plaintiffs could file a motion seeking the same relief once the stay is lifted. Dkt. No. 147.

## **LEGAL STANDARD**

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Secs. Litig., 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (citations and quotation marks omitted). As such, the standard for a request of reconsideration under Local Civil Rule 6.3 "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc.,

70 F.3d 255, 257 (2d Cir. 1995). A party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 702–03 (S.D.N.Y. 2011); see also Lichtenberg v. Besicorp Grp. Inc., 28 F. App'x 73, 75 (2d Cir. 2002) (stating that the movant "must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion" in order to prevail on a motion for reconsideration). A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

## **DISCUSSION**

Here, the Court does not find that an "extraordinary remedy" of reconsideration is warranted under Rule 6.1, as Plaintiffs have failed to identify "an intervening change of controlling law," "new evidence," or any "clear error" or "manifest injustice" in the undersigned's prior order. In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 702–03 (S.D.N.Y. 2011). Because Plaintiffs do not appear to argue that there is "an intervening change of controlling law" or "new evidence" that warrants reconsideration, the Court focuses its analysis on whether there is a need to correct a "clear error" or "manifest injustice." Id.

First, Plaintiffs fail to meet their high burden of identifying a "manifest injustice" as a result of the September 29th order. Plaintiffs contend that they will

be prejudiced because it would delay the window for obtaining third party evidence "dangerously close to—if not beyond—critical case deadlines." Dkt. No. 149. But the Court finds that Plaintiffs' concerns are not yet ripe; a case management plan and discovery deadlines are not yet set. And even if Plaintiffs' concerns come into fruition once discovery dates are set, this is an issue Plaintiffs can and should raise with Defendants and if necessary, with the Court. Second, while the Court does not contend that Plaintiffs will experience absolutely no prejudice as a result of the Court's order, it does find that the small amount of prejudice Plaintiffs may experience will not result in a "manifest injustice." Prejudice is further mitigated because the Court's September 29th order denied Plaintiffs' motion for a protective order *without* prejudice, allowing Plaintiffs to raise this issue again at an appropriate time.

Further, the Court does not find that reconsideration is warranted to correct a "clear error" with the Court's September 29th ruling. Plaintiffs focus on what they perceive as a "misunderstanding" by the Court regarding the connection of the protective order to the stay of discovery. Dkt. 145. Plaintiffs contend that in agreeing to a 60-day stay of discovery, they only meant to limit "party discovery" and did not intend for the stay to extend to third-party discovery coordination with the CFTC receiver. Dkt. No. 149. But this is inconsistent with the party's joint letter, which stated that "a *brief sixty-day stay on discovery* . . . is warranted . . . while the parties await the Court's ruling on the Corporate Defendants' Motion to Dismiss." Dkt. No. 143 (emphasis added). The Court did not misunderstand the parties' joint September

5

29 letter and intended to stay all discovery. And because discovery has not yet commenced and no case management dates are set, the Court finds Plaintiffs' motion for a protective order premature at this time. Plaintiffs are free to raise this issue once it is ripe.

For the foregoing reasons, Plaintiffs' motion for reconsideration is **DENIED**.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 145 and 146.**

SO ORDERED.

DATED:   New York, New York
October 24, 2025

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge